J-S21005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREE HART | : | |
| | : | |
| Appellant | : | No. 2695 EDA 2024 |

Appeal from the PCRA Order Entered September 17, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0905971-1995

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JULY 30, 2025**

Tyree Hart appeals *pro se* from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A §§ 9541-46. We affirm.

The pertinent facts and lengthy procedural history may be summarized as follows. On August 2, 1995, Hart approached the victim on a street corner in Philadelphia, shot him to death, and stole his wallet. On March 17, 1997, Hart pled guilty to murder generally, and waived his right to a jury trial on the robbery charge. Thereafter, the trial court held a degree-of-guilt hearing for the murder conviction and a non-jury trial on the robbery count. At the close of this proceeding, the trial court found Hart committed second-degree murder and convicted him of robbery. On September 19, 1997, the court sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

Hart to a mandatory term of life in prison for his murder conviction and no further penalty for his robbery conviction. Hart appealed. On January 25, 1999, this Court affirmed his judgment of sentence, and, on August 12, 1999, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Hart*, 736 A.2d 681 (Pa. Super. 1999) (non-precedential decision), *appeal denied*, 742 A.2d 672 (Pa. 1999). Hart did not seek further review.

On May 1, 2001, Hart filed a *pro se* PCRA petition, and the PCRA court appointed counsel. Thereafter, PCRA counsel filed a *Turner*/*Finley* no-merit letter[1] and requested leave to withdraw because the petition was untimely filed. On June 24, 2002, the court dismissed Hart's PCRA petition and granted counsel's motion to withdraw. Hart appealed. On July 9, 2003, this Court affirmed the order denying post-conviction relief. *Commonwealth v. Hart*, 832 A.2d 537 (Pa. Super. 2003) (non-precedential decision).

Hart did not file anything further for almost the next decade. In 2011, 2016, and 2020, Hart filed PCRA petitions, all of which were unsuccessful. On March 22, 2024, Hart filed the *pro se* at issue, his fifth. In this facially untimely petition, Hart claimed that he satisfied the governmental interference and newly-discovered-fact exception to the PCRA's time bar. On August 12, 2024, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Hart's

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

fifth petition without a hearing because it was untimely. Hart filed a response. By order and opinion entered on September 17, 2024, the PCRA court dismissed Hart's fifth petition as untimely filed. This appeal followed. The PCRA court did not require compliance with Appellate Rule 1925.

Hart raises the following issue on appeal:

Did the [PCRA] court abuse its discretion when it dismissed the new evidence [PCRA] petition as being untimely filed and not meeting the exception set forth to the [PCRA's] time-bar in 42 Pa.C.S. § 9545(b)(1)(ii)?

Hart's Brief at ii.[2]

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he

_____

[2] Although Hart only raises the newly-discovered-fact exception in his statement of questions involved, he also discusses his claim regarding the government interference exception in his supporting argument. Because Hart did raise this exception in his 2024 PCRA petition, and the PCRA court addressed it, we will do the same.

> raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

We first consider whether the PCRA court correctly concluded that Hart's fifth petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petitioner alleges and proves that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal

authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Hart's judgment of sentence judgment of sentence became final on November 10, 1999, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Hart had until November 10, 2000, to file a timely PCRA petition. Because Hart filed his fifth petition in 2024, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Hart argues that the PCRA court erred in finding no merit to his claim that he established both the newly-discovered-fact exception and the governmental interference exception in two respects: 1) for withholding evidence of Detective James Miles' "pattern and practice" of police misconduct; and 2) for withholding evidence that the Commonwealth's "star witness," Clifford Bryant, who was the only witness who identified him as the perpetrator in a pre-trial photo array, actually was "legally blind." Hart's Brief at iii.

In his supporting argument, Hart blends the distinct requirements for each exception. Nonetheless, we will consider both timeliness exceptions as applied to each claim.

First, however, we discuss each time-bar exception. Hart asserts that he met the governmental interference exception to the PCRA's time bar because, as to both claims, the Commonwealth committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Although a *Brady* violation might fall within the governmental interference exception to the PCRA's time bar, the PCRA statute nevertheless requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. *Commonwealth v. Vinson*, 249 A.3d 1197. 1205 (Pa. Super. 2021).

This Court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather,

as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Hart first argues that he established the newly-discovered-fact exception, because he recently learned of Detective Miles' "pattern and practice" of police misconduct. He then asserts that he established governmental interference exception because the Commonwealth withheld evidence of Detective Miles' alleged misconduct.

The PCRA court found Hart's claims regarding Detective Miles were both meritless, because Hart failed to provide evidentiary support for either:

> In an effort to satisfy the governmental interference exception on a ***Brady*** basis, and/or the newly-discovered fact exception, [Hart] maintains that the Commonwealth withheld the prior records of Detective James Miles[.] This misconduct, [Hart] contends, consisted of arresting without probable cause, conducting improper identification procedures, and suppressing exculpatory evidence. As evidentiary support for this claim, [Hart] attaches the complaint in a civil action against the Philadelphia Police Department and the complaint in a civil action specifically against Detective Miles. [] However, [Hart] does not provide evidentiary support sufficient to substantiate the purported fact of the withholding of the record of [this detective's] misconduct. In presenting such bare assertions, [Hart] falls short in his attempt to demonstrate that [Detective Miles'] prior misconduct was known to the Commonwealth and withheld from [Hart] by the Commonwealth. Accordingly, [Hart] does not satisfactorily invoke the government interference exception on a ***Brady*** basis and/or the newly-discovered fact exception.

PCRA Court Opinion, 9/17/24, 1-2 (unnumbered) (citations and footnotes omitted).

Our review of the record supports the PCRA court's conclusion. In short, Hart improperly relies on allegations in the two civil complaints in unrelated cases to establish "facts" regarding Detective Miles' purported history of misconduct. Moreover, our review supports the Commonwealth's assertion that the alleged misconduct in the civil cases Hart cited occurred over twelve to eighteen years after Hart was sentenced in 1997. *See* Commonwealth's Brief at 7.[3] Given that Hart failed to proffer any "facts" that he recently discovered, he cannot establish the newly-discovered fact exception. So too, Hart fails to establish the government interference exception, because he fails to proffer any misconduct by Detective Miles that the Commonwealth withheld from him. Thus, Hart's claim regarding the "facts" of Detective Miles' misconduct fails to establish either time-bar exception.

Hart next argues that he established the newly-discovered-exception and/or the government interference exception because the Commonwealth withheld evidence that its "star witness," Clifford Bryant, was "legally blind."

Here, as to either exception, the PCRA court found that Hart insufficiently pled his claims regarding Mr. Bryant:

_____

[3] In response, Hart baldly asserts that "there must be a first time for everything, including police misconduct[.] [Hart] is saying that his case is Detective James Miles['] first case of misconduct." Hart's Reply Brief at 2.

> Alternatively, in a separate attempt to satisfy the governmental interference exception on a ***Brady*** basis, and/or the newly-discovered fact exception, [Hart] purports that the Commonwealth suppressed the fact that witness Clifford Bryant, who had identified [Hart] as the alleged perpetrator from a photo array, actually was legally blind. Yet [Hart] provides no evidentiary support for this claim of Commonwealth suppression, instead providing bald assertions thereto. Consequently, [Hart] fails to the governmental interference exception on a ***Brady*** basis and/or the newly-discovered fact exception.

PCRA Court Opinion, 9/17/24, at 203 (unnumbered) (citations omitted).

Again, our review of the record supports the PCRA court's conclusions. In support of his claim, Hart proffers no newly-discovered evidence that Mr. Byrant is/was legally blind, but instead he relies solely on Mr. Bryant's trial testimony. Initially, although not considered by the PCRA court, Hart cannot establish due diligence under the test for the newly-discovered-fact exception. Indeed, Hart's claim does not present a new fact at all because Hart heard Mr. Bryant's testimony at Hart's 1997 trial, and defense counsel had the opportunity to cross-examine this witness about his ability to identify Hart as the perpetrator of the crime. Because Hart failed to establish due diligence in discovering a new "fact," Hart cannot satisfy the newly-discovered-fact exception to the PCRA's time bar.

Finally, in an attempt to establish the governmental interference exception, Hart cites the Commonwealth's closing argument at which time the Commonwealth referred to Mr. Bryant's poor vision. Hart's Reply Brief at 3. We agree that this statement was made in reference to Mr. Bryant's trial testimony; it does not, as Hart suggests, establish that the Commonwealth

had proof of Mr. Bryant's poor vision and withheld any such evidence from him. Thus, Hart has not established the governmental interference exception.

In sum, because the PCRA court correctly concluded that Hart did not establish any exception to the PCRA's time bar, the court properly dismissed Hart's 2024 petition as untimely filed. Neither the PCRA court nor this Court had jurisdiction to consider the merits of Hart's petition. **_Derrickson_**, **_supra_**. We therefore affirm PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/30/2025